Dee J. Kelly, Jr.
Tex. Bar I.D. 11217250
Nancy Ribaudo
Tex. Bar I.D. 24026066
Katherine T. Hopkins
Tex. Bar I.D. 24070737
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, TX 76102
Telephone: (817) 332-2500
Facsimile: (817) 878-9280
dee.kelly@kellyhart.com
nancy.ribaudo@kellyhart.com
katherine.hopkins@kellyhart.com

ATTORNEYS FOR L. ALLEN HODGES III,
INDIVIDUALLY

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **IN RE:**<br><br>**2999TC ACQUISITIONS, LLC**<br>**Debtor.** | **CASE NO. 21-31954-hdh11**<br><br>**CHAPTER 11** |
| **2999TC ACQUISITIONS, LLC,**<br>**Plaintiff,**<br><br>**v.**<br><br>**L. ALLEN HODGES III, INDIVIDUALLY,**<br>**Defendant.** | **ADVERSARY NO. 21-03089** |

**L. ALLEN HODGES III'S ANSWER TO COMPLAINT TO AVOID AND RECOVER PREFERENTIAL AND/OR FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. §§ 548 AND 550**

**NOW COMES** Defendant, L. Allen Hodges III, Individually ("Hodges" or "Defendant"), and file this Answer ("Answer") to Complaint to Avoid and Recover Preferential and/or Fraudulent Transfers Pursuant to 11 U.S.C. §§ 548 and 550 (the "Complaint") filed by

2999TC Acquisitions, LLC (f/k/a MO2999 TC, LLC) (the "Debtor" or "Plaintiff"). Hodges respectfully shows the Court as follows:

## I. NATURE OF THIS CASE

1. Hodges admits the factual allegations as contained in Paragraph 1 of the Complaint.

2. Paragraph 2 contains generalized characterizations of the claims and requested relief to which no response is required. To the extent a response is required, Hodges cross-references his answers to the other paragraphs of the Complaint and otherwise denies the allegations. Hodges further denies that the Plaintiff is entitled to the requested relief.

## II. JURISDICTION AND VENUE

3. Hodges admits that the Court has subject matter jurisdiction over the claims asserted against him in the Complaint.

4. Hodges admits that this is a core proceeding.

5. Hodges admits that venue is proper in this Court.

6. Paragraph 6 of the Complaint contains the asserted statutory and legal predicates for the relief sought for which no response is required. To the extent a response is required, Hodges cross-references his answers to the other paragraphs of the Complaint and otherwise denies the allegations. Hodges further denies that the Plaintiff is entitled to the requested relief.

7. Paragraph 7 of the Complaint contains the Plaintiff's statement regarding consent to entry of final orders or judgments by this Court and does not require a response. To the extent a response is required, Hodges cross-references his answers to the other paragraphs of the Complaint and otherwise denies the allegations.

## III. PARTIES

8. Hodges lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and therefore, denies the same.

9. Hodges admits the allegations as contained in Paragraph 9 of the Complaint.

## IV. FACTS

10. Hodges denies the factual allegations contained in Paragraph 10 of the Complaint.

11. Hodges denies the factual allegations contained in Paragraph 11 of the Complaint.

12. Hodges denies the factual allegations contained in Paragraph 12 of the Complaint.

13. Hodges admits that a settlement was previously discussed, but further denies the remaining factual allegations contained in Paragraph 13 of the Complaint.

14. Hodges denies the factual allegations contained in Paragraph 14 of the Complaint.

15. Hodges individually lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and therefore, denies the same.

16. Hodges states that any alleged email or communication, to the extent it exists, speaks for itself and otherwise, denies the remaining allegations in Paragraph 16 of the Complaint.

17. Hodges denies the factual allegations contained in Paragraph 17 of the Complaint.

18. Hodges individually lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and therefore, denies the same.

19. Hodges denies the factual allegations contained in Paragraph 19 of the Complaint.

## V. CLAIMS FOR RELIEF

### COUNT 1

### (Avoidance of Preferential Transfer - 11 U.S.C. § 547)

20. Paragraph 20 of the Complaint incorporates by reference the allegations of the preceding paragraphs. Hodges similarly incorporates by reference, as if fully stated herein, his responses to the preceding paragraphs of the Complaint.

21. Hodges denies the factual allegations contained in Paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint contains legal argument and no response is required. To the extent a response is required, Hodges denies the factual allegations contained in Paragraph 22 of the Complaint.

23. Hodges denies the factual allegations contained in Paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint contains legal argument and no response is required. To the extent a response is required, Hodges denies the factual allegations contained in Paragraph 24 of the Complaint.

25. Paragraph 25 of the Complaint contains legal argument and no response is required. To the extent a response is required, Hodges denies the factual allegations contained in Paragraph 25 of the Complaint.

26. Paragraph 26 of the Complaint contains legal argument and no response is required. To the extent a response is required, Hodges denies the factual allegations contained in Paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint contains legal argument and no response is required. To the extent a response is required, Hodges denies the factual allegations contained in Paragraph 27 of the Complaint.

28. Paragraph 28 of the Complaint contains legal argument and no response is required. To the extent a response is required, Hodges denies the factual allegations contained in Paragraph 28 of the Complaint.

29. Paragraph 29 of the Complaint contains legal argument and no response is required. To the extent a response is required, Hodges denies the factual allegations contained in Paragraph 29 of the Complaint.

30. Hodges denies the factual allegations contained in Paragraph 30 of the Complaint.

31. Paragraph 31 of the Complaint contains legal argument and a request for relief for which no response is required. To the extent a response is required, Hodges denies the factual allegations contained in Paragraph 31 of the Complaint and further denies that the Plaintiff is entitled to the requested relief.

**COUNT II**

**(Avoidance of Fraudulent Conveyance - 11 U.S.C. §§ 548(a)(1)(B))**

32. Paragraph 32 of the Complaint incorporates by reference the allegations of the preceding paragraphs. Hodges similarly incorporates by reference, as if fully stated herein, his responses to the preceding paragraphs of the Complaint.

33. Paragraph 33 of the Complaint contains legal argument and no response is required. To the extent a response is required, Hodges denies the factual allegations contained in Paragraph 33 of the Complaint.

34. Paragraph 34 of the Complaint contains legal argument and no response is required. To the extent a response is required, Hodges denies the factual allegations contained in Paragraph 34 of the Complaint.

**COUNT III**

**(Recovery of Avoided Transfers - 11 U.S.C. § 550)**

35. Paragraph 35 of the Complaint incorporates by reference the allegations of the preceding paragraphs. Hodges similarly incorporates by reference, as if fully stated herein, his responses to the preceding paragraphs of the Complaint.

36. Paragraph 36 of the Complaint contains legal argument and no response is required. To the extent a response is required, Hodges denies the factual allegations contained in Paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint contains legal argument and no response is required. To the extent a response is required, Hodges denies the factual allegations contained in Paragraph 37 of the Complaint.

38. Paragraph 38 of the Complaint contains legal argument and a request for relief for which no response is required. To the extent a response is required, Hodges denies the factual allegations contained in Paragraph 38 of the Complaint and further denies that the Plaintiff is entitled to the requested relief.

**COUNT IV**

**(Disallowance of All Claims - 11 U.S.C. § 502(d) and (j))**

39. Paragraph 39 of the Complaint incorporates by reference the allegations of the preceding paragraphs. Hodges similarly incorporates by reference, as if fully stated herein, his responses to the preceding paragraphs of the Complaint.

40. Paragraph 40 of the Complaint contains legal argument and no response is required. To the extent a response is required, Hodges denies the factual allegations contained in Paragraph 40 of the Complaint.

41. Paragraph 41 of the Complaint contains legal argument and no response is required. To the extent a response is required, Hodges denies the factual allegations contained in Paragraph 41 of the Complaint.

42. Paragraph 42 of the Complaint contains legal argument and no response is required. To the extent a response is required, Hodges denies the factual allegations contained in Paragraph 42 of the Complaint.

43. Paragraph 43 of the Complaint contains legal argument and a request for relief for which no response is required. To the extent a response is required, Hodges denies the factual allegations contained in Paragraph 43 of the Complaint and further denies that the Plaintiff is entitled to the requested relief.

## V. PRAYER FOR RELIEF

44. Hodges denies that the Plaintiff is entitled to the relief sought in its WHEREFORE clause.

## VI. GENERAL DENIAL

45. Hodges denies each and every allegation contained in the Complaint that is not expressly admitted in the foregoing paragraphs, and Hodges further denies that the Plaintiff is entitled to any relief or recovery whatsoever from Hodges in this action.

## VII. AFFIRMATIVE AND OTHER DEFENSES

46. Plaintiff's claims are barred to the extent Hodges was not a creditor of the Debtor at the time of the alleged transfer and any transfer was not made to or for the benefit of a creditor.

47. Subject to and without waiving the foregoing, Plaintiff's claims are barred to the extent the alleged transfer did not involve any property of the Debtor.

48. Subject to and without waiving the foregoing, Plaintiff's claims are barred to the extent the alleged transfer was not made on account of an antecedent debt.

49. Subject to and without waiving the foregoing, Plaintiff's claims are barred because Plaintiff was solvent at the time the alleged transfer and was not rendered insolvent as a result of the alleged transfer.

50. Subject to and without waiving the foregoing, Plaintiff's claims are barred to the extent that the alleged transfer did not enable Hodges to receive more than he would have received if this case was a case under chapter 7 of the Bankruptcy Code.

51. Subject to and without waiving the foregoing, the requested relief should be denied to the extent the alleged transfer were intended by the Debtor and Hodges to be a contemporaneous exchange for new value given to the Debtor and was in fact a substantially contemporaneous exchange.

52. Subject to and without waiving the foregoing, the requested relief should be denied to the extent such transfer was made in the ordinary course of business affairs or financial affairs of the Debtor and Hodges and was made pursuant to ordinary business terms.

53. Subject to and without waiving the foregoing, the requested relief should be denied to the extent, subsequent to such transfer, new value was extended to the Debtor.

54. Subject to and without waiving the foregoing, the transfer is not avoidable by the Debtor because, as to each transfer, Hodges took for value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the avoidability of the transfer avoided, or was the immediate or mediate good faith transferee of such transferee.

55. Subject to and without waiving the foregoing, Plaintiff's claims are barred because Hodges received any transfer in good faith and for a reasonably equivalent value.

56. Subject to and without waiving the foregoing, Plaintiff's claims are barred to the extent the transferor received reasonably equivalent value for the alleged transfer.

57. Subject to and without waiving the foregoing, Plaintiff's claims are barred to the extent Hodges provided reasonably equivalent value for the alleged transfer.

58. Subject to and without waiving the foregoing, Plaintiff's claims are barred to the extent that Hodges acted in good faith and did not know, or have reason to know, of the circumstances that the Plaintiff alleges render the alleged transfer avoidable.

59. Subject to and without waiving the foregoing, Plaintiff's claims are barred to the extent Hodges was not an initial transferee, or the immediate or mediate transferee of such initial transferee.

60. Subject to and without waiving the foregoing, Plaintiff's claims are barred to the extent Hodges was a mere conduit or financial intermediary.

61. Subject to and without waiving the foregoing, Plaintiff's claims are barred to the extent that, at the time of the alleged transfer, the transferor was not engaged or about to engage in a business or transaction for which its remaining assets were unreasonably small in relation to the business or transaction.

62. Subject to and without waiving the foregoing, Plaintiff's claims are barred to the extent that, at the time of the alleged transfer, the transferor did not intend to incur, and did not believe or should not have reasonably believed that it would incur, debts beyond its ability to pay as they become due.

63. Subject to and without waiving the foregoing, Plaintiff's claims are barred because the Complaint fails to state a claim upon which relief can be granted.

64. Subject to and without waiving the foregoing, Plaintiff's claims are barred by the doctrine of laches.

65. Subject to and without waiving the foregoing, Plaintiff's claims are barred in whole or in part by estoppel and/or waiver.

66. Subject to and without waiving the foregoing, Plaintiff's claims are barred to the extent the Plaintiff lacks authorization and standing to pursue the relief requested in the Complaint.

67. Subject to and without waiving the foregoing, one or more of the Plaintiff's claims asserted against Hodges is untimely and barred by the applicable statute of limitations.

68. Subject to and without waiving the foregoing, Plaintiff's claims are barred because Plaintiff's and/or related third parties' own wrongful conduct was the sole and proximate cause of the Plaintiff's alleged damages, if any. In the event fault exists on the part of Plaintiff, which proximately contributed to the Plaintiff's injuries and/or damages, if any, the amount of recovery, if any, shall be reduced on the basis Plaintiff's comparative fault and/or wrongful conduct which contributed to any injuries and/or damages upon which the Plaintiff is seeking to recover against Hodges.

## VIII. RESERVATION OF RIGHTS

69. Hodges hereby gives notice that he intends to rely upon such other and further defenses as they may become available or apparent during the discovery process in this action, and he hereby reserves the right to amend his answer to assert any such defenses. The assertion of the above defenses by Hodges is not intended and should not be deemed or construed to alter or shift any burden of proof the Plaintiff may have in connection with the claims asserted in the Complaint.

## IX. JURY DEMAND

70. Hodges asserts his rights to trial by jury under the Seventh Amendment to the United States Constitution and Federal Rule of Civil Procedure 38 and hereby makes his demand for a jury trial.

## X. AWARD OF ATTORNEYS' FEES AND COSTS

71. Hodges requests an award of costs and reasonable attorneys' fees against the Plaintiff.

## XI. STATEMENT REGARDING CONSENT

72. If it is determined that the Bankruptcy Judge, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution, Hodges does not consent to entry of a final order or judgment by the Bankruptcy Judge.

## XII. CONCLUSION

For the foregoing reasons, Hodges prays that the Court deny the relief requested by the Plaintiff in the Complaint and grant Hodges such other and further relief to which he is justly entitled.

Dated: December 27, 2021

Respectfully Submitted,

*/s/ Katherine T. Hopkins*

Dee J. Kelly, Jr.
Tex. Bar I.D. 11217250
Nancy Ribaudo
Tex. Bar I.D. 24026066
Katherine T. Hopkins
Tex. Bar I.D. 24070737
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, TX 76102
Telephone: (817) 332-2500
Facsimile: (817) 878-9280
dee.kelly@kellyhart.com
nancy.ribaudo@kellyhart.com
katherine.hopkins@kellyhart.com

ATTORNEYS FOR L. ALLEN HODGES III, INDIVIDUALLY

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on all parties receiving notice via ECF notification on December 27, 2021.

*/s/ Katherine T. Hopkins*
Katherine T. Hopkins